UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-55-R

RALPH BLACKBURN                                                                                    PLAINTIFF

v.

MAPOTHER & MAPOTHER, P.S.C.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ralph Blackburn brought this action against Defendant Mapother & Mapother, P.S.C. for violations of the Federal Debt Collection Practices Act (FDCPA). Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, due to: (1) the applicable statute of limitations and (2) Plaintiff's failure to state a plausible violation of the FDCPA.

I.

The Court will summarize relevant facts as Plaintiff presents them. Mapother was retained to collect a debt Plaintiff owed to Capital One Auto Finance. On May 25, 2010, Plaintiff and Defendant entered into an agreement through counsel to resolve the account for $5,250.00, to be paid over thirty $175.00 monthly installments due on the 27th of each month. That same day, Defendant accepted Plaintiff's first payment via a check by phone.

Payments were accepted without incident until Defendant returned Plaintiff's September 2012 payment without explanation. On June 6, 2013, Plaintiff, by its counsel, sent a letter to Defendant requesting that the settlement be honored. On June 19, 2013, Defendant sent a letter in response refusing to honor the settlement. Defendant also advised that the account was in default and the full balance was due.

II.

Defendant moves to dismiss pursuant to Rule 12(b)(6) on statute of limitations grounds and for failure to state a claim upon which relief may be granted. When considering a 12(b)(6) motion to dismiss, courts must "construe the complaint in the light most favorable to the plaintiff" and "accept all well-pleaded factual allegations as true." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010). The Court will draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

III.

Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair debt collection practices by [ ] debt collectors." 15 U.S.C. § 1692(a). The FDCPA provides a one-year statute of limitations running "from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Generally, no extensions are given. *See Ruth v. Unifund CCR Partners, et al.*, 604 F.3d 908, 910 (6th Cir. 2010). Plaintiff concedes that this one-year statute of limitations applies and that there are no applicable grounds for an exception. Plaintiff filed this action on January 23, 2014. Therefore, to comply with the statute of limitations, any alleged violation of the FDCPA must have occurred on or after January 23, 2013.

Plaintiff argues that although his payment was refused in September 2012, his claim did not ripen until June 19, 2013, when Defendant denied Plaintiff's attempt to enforce the agreement. Defendant argues that this is an impermissible attempt to "piggy back" an FDCPA claim on correspondence about an earlier, time-barred FDCPA violation.[1]

The Court must determine whether Plaintiff successfully alleged a "discrete violation of the FDCPA within the limitations period" or merely a "later effect[ ]" of an earlier time-barred

---

[1] The Court notes that Plaintiff did not argue that the continuing violation doctrine applies in this case. Therefore, a discrete act must be found in order for the claim to survive Defendant's motion.

violation. *Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x. 297, 301−02 (6th Cir. 2008). The narrow question before the Court is whether Defendant's June 2013 correspondence with Plaintiff constituted a discrete act.

To explain the difference between a discrete violation and a later effect, the Sixth Circuit in *Purnell* discussed *Ledbetter v. Goodyear Tire & Rubber Co, Inc.*, 550 U.S. 618 (2007), a Title VII action. In *Ledbetter*, the Supreme Court held that "the lesser paychecks plaintiff received within the limitations period were not themselves acts of intentional discrimination, but were alleged to be the effects of prior discriminatory acts that occurred outside the limitations period."[2] 303 F. App'x. at 302. In *Purnell*, the plaintiff alleged that the defendant repeatedly reported an unverified debt to the credit bureau. The Sixth Circuit allowed part of the plaintiff's claims to go forward, noting, "It is not the taint of the original decision to report the debt, but the repeated reporting of the debt within the limitations period that is the basis for plaintiff's claims." *Id.* at 303. Here, Plaintiff alleges "wrongful demand for the full account balance" in June 2013. E.C.F. No. 1. It is not the taint of the original decision to refuse payment but rather the wrongful demand for full payment within the limitations period that is the basis for Plaintiff's claim.

The Supreme Court, in the Title VII context, has explained that discrete acts within the statute of limitations period that are related to prior acts are not barred so long as the acts are "independently discriminatory." *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Although related to Defendant's alleged refusal to accept the September 2012 payment,

---

[2] *Ledbetter*, 550 U.S. 618, was overruled legislatively by the LILLY LEDBETTER FAIR PAY ACT OF 2009, PL 111-2, January 29, 2009, 123 Stat 5, which provided that the statute of limitations in a pay discrimination lawsuit resets with each new paycheck affected by that discriminatory action. As this Act did not expressly apply to FDCPA claims, the reasoning of *Ledbetter* as used by *Purnell* continues to be relevant to the Court's analysis here.

3

the June 2013 demand for full payment is an independent debt collection act that Plaintiff alleges was abusive, deceptive, or unfair within the meaning of the FDCPA.

For these reasons, the Court finds that the Defendant's alleged demand for payment in full is a discrete act occurring within the statute of limitations. However, Plaintiff's § 1692e claim for false and misleading representations is only advanced with regard to Defendant's act of offering the settlement agreement to Plaintiff in May 2010. Because this act occurs outside the statute of limitations period, the Court will dismiss Plaintiff's § 1692e claim as time-barred. In addition, insofar as Plaintiff's § 1692f and § 1692d claims are predicated on acts preceding January 23, 2013, they are time-barred.

B.

Defendant also argues that Plaintiff fails to state a cause of action upon which relief can be granted. A plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp.*, 550 U.S. at 556). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The FDCPA is broad and was intended to remedy a widespread problem. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). To evaluate whether a debt collector's practice falls within the meaning of the Act, "courts apply an objective test based on the understanding of the 'least sophisticated consumer.'" *See id.* at 331 (quoting *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 400 (6th Cir. 1998)) (internal quotation marks omitted).

4

Plaintiff alleges unfair practices in violation of 15 U.S.C. § 1692f and harassment or abuse in violation of § 1692d, based upon the wrongful demand of the full account balance.

Defendant's sole argument for dismissal is that Plaintiff's claims are an improper attempt to convert an alleged violation of a settlement agreement, governed by state law, into an FDCPA claim. It is true that Plaintiff cannot use the FDCPA to simply move a state law claim into federal court. *See Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). It is also true that Plaintiff in this case could have alleged breach of contract in violation of state law. However, the fact that Plaintiff's complaint could have alleged additional state law claims does not necessarily mean that its FDCPA claim is a mere attempt to cloak a state law claim in a federal statute.

Instead, the relevant inquiry is whether the Plaintiff has pled enough facts to plausibly state a claim under the FDCPA. Defendant makes no arguments as to why the wrongful demand of payment of a debt in full should not be cognizable under the FDCPA.

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Although Plaintiff's complaint does not point to a specific section of § 1692f, the Court notes that actionable conduct under the statute includes: "(1) The collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* This provision has been interpreted as encompassing attempts to collect such amounts. *See Gallagher v. Gurstel, Staloch, & Chargo, P.A.*, 645 F. Supp. 2d 795, 801 (D. Minn. 2009) (citing *Duffy v. Landberg*, 215 F.3d 871, 873−75 (8th Cir. 2000)).

Viewing the facts in a light most favorable to Plaintiff, Defendant's demand for payment in full was an attempt to collect a debt. There is an issue of fact as to whether this attempt was permitted by law. Therefore, Plaintiff has successfully alleged the elements of its § 1692f claim. For these reasons, the Court will deny Defendant's motion to dismiss this claim.

Section 1692d of the FDCPA prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Nonexhaustive examples of prohibited conduct include:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency . . . .
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in [15 USCS § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

*Id.* In *Harvey*, the Sixth Circuit expanded upon what constitutes a violation of 1692d. *See* 453 F.3d at 330−31. "Although nonexhaustive, the examples of oppressive conduct listed in § 1692d concern tactics intended to embarrass, upset, or frighten a debtor." *Id.* at 330. These tactics are "likely to cause the 'suffering and anguish' which occur when a debt collector attempts to collect money which the debtor, through no fault of his own, does not have." *Id.* (quoting *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003) (citation omitted)) (internal quotation

marks omitted). As a matter of law, the Sixth Circuit found that "[e]ven when viewed from the perspective of an unsophisticated consumer, the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor." *Id.*

The conduct alleged here fits less within the parameters of § 1692d than the conduct alleged in *Harvey*. A solitary written demand for the full account balance, viewed from the perspective of an unsophisticated debtor, does not have the natural consequence of harassing, abusing, or oppressing a debtor. For these reasons, the Court will dismiss Plaintiff's claim under § 1692d for failure to state a claim upon which relief can be granted.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiff's claims is SUSTAINED in part, and Plaintiff's claims arising under 15 U.S.C. § 1692d and § 1692e are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's motion to dismiss Plaintiff's claim arising under 15 U.S.C. § 1692f is DENIED.

Date:

CC: All Counsel