UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00055-TBR

RALPH BLACKBURN                                                                                      Plaintiff

v.

MAPOTHER & MAPOTHER, P.S.C.                                                              Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Mapother & Mapother, P.S.C.'s Motion for Summary Judgment. (Docket #27). Plaintiff Ralph Blackburn has responded. (Docket #31). Defendant has replied. (Docket #33). For the following reasons, Defendant's motion for summary judgment (Docket #27) is GRANTED.

BACKGROUND

This action arises out of an attempt to collect a debt. Plaintiff Ralph Blackburn defaulted on a debt owed to Capital One Auto Finance. Defendant Mapother & Mapother, P.S.C. ("Mapother") was retained to collect this debt. (Docket #1).

In May, 2010, Blackburn and Mapother entered into an agreement to settle the debt. Blackburn agreed to make thirty monthly payments of $175. A dispute has arisen over Blackburn's September, 2012 payment. Blackburn claims he made this payment but Mapother "returned [payment] without explanation." (Docket #1). When Mapother subsequently claimed Blackburn was in default, Blackburn demanded the settlement agreement be honored. (Docket #1). Mapother claims it accepted the September, 2012 payment, but that Blackburn did not make a payment in November, 2012. Mapother

claims it properly notified Blackburn that he was default on the basis that he had not made the November, 2012 payment. (Docket #27).

Blackburn filed this lawsuit alleging Mapother violated the Fair Debt Collections Practices Act ("FDCPA"). (Docket #1). Blackburn alleges Mapother deceptively represented that Blackburn could resolve his debt by entering into the settlement agreement and then unfairly refused to accept payment from Blackburn. (Docket #1).

Mapother previously moved for summary judgment. (Docket #21). Blackburn responded that the deadline for discovery had not elapsed. (Docket #22). This Court denied Mapother's motion with leave to refile. (Docket #26). The deadline for discovery has now expired. (Docket #19). Mapother has renewed its motion for summary judgment. (Docket #27). Mapother argues it has presented evidence that it accepted Blackburn's September, 2012 payment, properly applied it to Blackburn's debt, held Blackburn in default for failing to make his November, 2012 payment, and therefore did not violate the FDCPA. (Docket #21-2, 21-3, 21-4, 21-5, 21-6).

Blackburn continues to argue that Mapother did not apply Blackburn's September, 2012 payment to his account. However, Blackburn offers no evidence in support of his claim. Since Blackburn has not shown the existence of a genuine factual issue, Mapother is entitled to summary judgment.

## STANDARD

Summary judgment is proper if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In

determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id*. (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

A party who resists summary judgment has an obligation to show the existence of a genuine factual dispute. Federal Rule of Civil Procedure 56(c) requires a "party asserting that a fact cannot be or is genuinely disputed must support the assertion" by either citing to the record (e.g. depositions, affidavits, or discovery responses), or by showing that the materials cited by the opposing party do not establish a factual dispute. *Matsushita*, 475 U.S. at 587 ("When the moving party has carried its burden under

56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts"); *see also Scott v. Harris*, 550 U.S. 372 (2007).

Mapother has provided the signed settlement agreement, a financial report of Blackburn's payments and how they were credited, and affidavits in support of Mapother's argument that it accepted Blackburn's September, 2012 payment and held Blackburn in default for not making his November, 2012 payment. (Docket #21-2, 21-3, 21-4, 21-5, 21-6). In response, Blackburn does not cite to the record or present any evidence to support his claims. Instead, Blackburn argues he "should be awarded the opportunity to present evidence at trial proving he made every reasonable effort to honor the settlement agreement and it was the Defendant that created the impossibility of performance." (Docket #31).

The Court has several options in addressing how to handle a party who has failed to "properly support an assertion of fact." Fed. R. Civ. P. 56(e). These include giving the responding party an opportunity to provide evidence or granting summary judgment in favor of the moving party. Fed. R. Civ. P. 56(e). The Court previously denied Mapother's motion for summary judgment to allow discovery to conclude. (Docket #26). Mapother claims Blackburn has not taken discovery, (Docket #27), and Blackburn has cited no evidence in support of his position. Accordingly, it is appropriate to grant summary judgment in favor of Mapother.

For the foregoing reasons, Defendant's motion for summary judgment (Docket #27) is GRANTED.

cc:   Counsel